IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC D. FANT,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>Defendant. | ) | 8:14CV389<br><br>**MEMORANDUM AND ORDER** |

This action was filed by Eric Fant ("Fant"), a *pro se* litigant incarcerated at the Nebraska State Prison in Lincoln, Nebraska. His claims are based on incidents that occurred while he was incarcerated with the Nebraska Department of Correctional Services ("NDCS"). He asserts Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983.

The court previously granted Fant permission to proceed *in forma pauperis* in this action. The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## II. DISCUSSION

Here, Fant asserts claims pursuant to 42 U.S.C. § 1983 against the State of Nebraska and its department of corrections for violations of his Eighth Amendment rights. Thus, the initial question presented is whether the Eleventh Amendment bars his claims.

The Eleventh Amendment provides states, and state agencies, *see Hadley v. North Arkansas Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied*, 519 U.S. 1148 (1997), with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Sovereign immunity deprives federal courts of jurisdiction over lawsuits brought by private citizens against states unless the state has waived its immunity or Congress has abrogated the state's immunity under a valid exercise of Congressional power. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (Eleventh Amendment proscribes suit against State absent unequivocal waiver); *Edelman v. Jordan*, 415 U.S. 651 (1974); *see also Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003).

Here, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state "is not a 'person' as that term is used in § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska and the NDCS. On the court's own motion, Fant will be given an opportunity to file an

amended complaint that states a claim for relief against a defendant who is not immune from suit.

IT IS THEREFORE ORDERED that:

1. Fant will have 30 days in which to file an amended complaint that states a claim for relief against a defendant who is not immune from suit. Failure to file an amended complaint within 30 days will result in the court dismissing this action without further notice.

2. The clerk of the court is directed to set the following pro se case management deadline: August 3, 2015: check for amended complaint; dismiss if none filed.

DATED this 2nd day of July, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.